# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2218

_____

| | | |
|---|---|---|
| Aung Kyaw Thu, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board of |
| | * | Immigration Appeals. |
| John D. Ashcroft, Attorney | * | |
| General of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: May 7, 2004
Filed: June 28, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Aung Kyaw Thu, a citizen of Burma (a.k.a. Myanmar), petitions for review of an order of the Board of Immigration Appeals (BIA) affirming, without comment, an Immigration Judge's (IJ's) denial of Thu's application for asylum. After careful review of the record, we deny the petition because substantial evidence on the record as a whole supports the denial of asylum. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 918-19 (8th Cir. 2004) (standard of review).

In Burma in 1988, Thu participated in student demonstrations, and twice police arrested and abused Thu, along with other student demonstrators. Thu's jailers accused him of being "anti-peace" (rather than anti-government), and there is no evidence the police singled out Thu for arrest and abuse, or treated Thu differently than other detained protesters on account of Thu's political opinions. Hence, the IJ's finding that Thu did not suffer past persecution is supported by substantial evidence on the record considered as a whole. See Abdel-Masieh v. United States INS, 73 F.3d 579, 582-84 (5th Cir. 1996) (petitioner was twice arrested, detained, and beaten for participating in demonstrations against the government; BIA did not err in concluding petitioner did not suffer past persecution because, inter alia, he was not singled out and arrested because of his political or religious beliefs he was not treated differently than other participants, and authorities apparently were unaware of his identity). We also conclude that the evidence was not so compelling that no reasonable factfinder could fail to find the requisite fear of future persecution. It was not unreasonable for the IJ to deem it unlikely that the current Burmese government will recognize Thu as a participant in the 1988 student demonstrations, especially considering that Thu had not previously been singled out for arrest, and the IJ's conclusion is also supported by evidence that Thu was able to live safely in a different part of Burma from 1988 to 1991. See Safaie v. INS, 25 F.3d 636, 639-40 (8th Cir. 1994) (to prove well-founded fear of persecution, asylum applicant must show that fear is subjectively genuine and that reasonable person in same circumstances would fear persecution if returned to native country).

We also reject Thu's argument that the IJ denied him due process. See United States v. Torres-Sanchez, 68 F.3d 227, 230 (8th Cir. 1995) (establishment of fundamentally unfair deportation hearing in violation of due process requires showing both of fundamental procedural error and resulting prejudice). The IJ did not exhibit any bias against Thu; rather the IJ stated he would not make a decision before Thu finished presenting his case. Although the IJ often requested evidence to corroborate Thu's testimony, the IJ was only fulfilling his duty to develop the record, see 8 U.S.C.

§ 1229a(b)(1) (during removal proceeding, IJ "shall . . . receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses"), and in any event, the IJ did not discredit any of Thu's testimony for lack of corroborating evidence. Even though the IJ frequently interrupted Thu's counsel and ultimately asked a majority of the questions, Thu was not prevented from presenting his case, as his counsel was not prohibited from pursuing any particular line of questioning. Cf. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000) (finding due process violation where proceeding was so fundamentally unfair that alien was prevented from reasonably presenting his case; remanding where IJ indicated he had prejudged merits of case, and refused to let alien testify about any material included in written asylum application).

     Accordingly, we deny the petition.

_____